# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARRY MOSHER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-842** |
| **INDIANA INSURANCE CO.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are a Motion for Summary Judgment filed by Plaintiff Barry Mosher (Doc. 22) and a Motion for Summary Judgment filed by Defendant Indiana Insurance Company (Doc. 20).  For the following reasons, Defendant's Motion is GRANTED, and Plaintiff's Motion is DENIED.

## BACKGROUND

This suit for declaratory judgment arises out of an October 29, 2005, collision between two 18-wheelers.  Plaintiff Barry Mosher and his wife were in the cab of their parked 18-wheeler when a rig operated by Wayne Kissenger struck their vehicle.  At the time of the collision, Kissenger was acting within

1

the course and scope of his employment with Global-Link Logistics, LLC (Global-Link), at the time of the collision.   Defendant, Indiana Insurance Company provided a liability insurance policy to Global-Link.

Litigation of this matter commenced in 2006 when Plaintiffs filed suit in state court (the "State Action") against Global-Link and Kissenger.   Plaintiff took a default judgment against Global-Link.   In 2011, after default was confirmed, Plaintiff amended his state court petition adding Indiana Insurance Company ("Indiana") as a defendant and seeking a declaratory judgment of coverage.   Plaintiff separately filed a declaratory judgment action in this Court, likewise seeking a declaratory judgment against Indiana that the policy was in full force and effect (the "Federal Action").   This Court stayed the Federal Action pending a resolution of the state court proceedings.   In the State Action, the Louisiana First Circuit Court of Appeal found that the claims against Indiana were prescribed.   That judgment final became final on August 28, 2016.   This Court thereafter lifted the stay of the Federal Action on September 15, 2015.   In response, Plaintiff amended his Complaint to assert claims based on the language of the insurance contract between Global-Link and Defendant Indiana Insurance Company.   This new claim relies on policy language giving a judgment creditor of the insured the right to proceed directly against Indiana to recover the amount of a final judgment rendered against the insured.

The parties have filed cross-motions for summary judgment.   Defendant argues that the Federal Action should be dismissed, while Plaintiff argues that

2

he is entitled to judgment in his favor for to the extent that the Global-Link default judgment that falls within the limits of Defendant's policy.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3]  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4]  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5]  "In response to a properly supported motion for summary judgment, the non-movant must

---

[1] Fed. R. Civ. P. 56(c) (2012).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

[4] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

3

identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6]   "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7]   Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

The parties have filed cross motions for summary judgment.  Defendant's Motion argues that the Federal Action is barred by the preclusive effect of the judgment rendered in the State Action.  Plaintiff opposes this Motion, arguing that the cause of action based in contract did not mature until the conclusion of the State Action.[9]  Plaintiff's Cross-Motion for Summary Judgment, asserts that he is entitled to judgment against Defendant for the policy limits based on the language of the policy and the unpaid judgment against Global-Link. The Court will initially address Defendant's res judicata arguments.

---

[6] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[7] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[8] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

[9] Interestingly, Plaintiff makes no argument that the original complaint is not precluded by res judicata.  Indeed, the allegations in the original complaint filed in this Court mirror the State Court declaratory judgment action.

4

Defendants argue that the present action is precluded by the doctrine of res judicata based on the judgment of the Louisiana Court of Appeal sustaining Defendant's exception of prescription and dismissing the State Action. It is well-settled that federal courts "asked to give res judicata effect to a state court judgment[ ] must give the same preclusive effect to the state court judgment as that state's courts would give to it."[10] This Court must apply the Louisiana law of res judicata. Under Louisiana law, an action is precluded when (1) there is a prior valid judgment; (2) the prior judgment is final; (3) the parties in the prior suit and the present suit are the same; (4) the cause(s) of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause(s) of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[11] "The doctrine of res judicata is not discretionary and mandates the effect to be given final judgments."[12] Res judicata is intended to preclude needless relitigation and promote efficient resolution of disputes.[13]

There is no dispute that the State Action involved the same parties, or that it resulted in a valid, final judgment from the Louisiana First Circuit Court of Appeal. Accordingly, the first three factors of the res judicata analysis are undisputedly met. Plaintiff alleges, however, that the contract cause of

---

[10] *Zatarain v. WDSU–Television, Inc.,* 79 F.3d 1143 (5th Cir.1996).

[11] *Gabriel v. Lafourche Parish Water Dist.,* 112 So.3d 281, 284 (La. App. 1 Cir.2013) (citing *Burguieres v. Pollingue,* 843 So.2d 1049,1053 (La. 2003)); *See* La. Rev. Stat. § 13:4231.

[12] *Avenue Plaza, LLC v. Falgoust*, 676 So. 2d 1077, 1080 (La. 1996).

[13] *Id.* at 1079.

5

action asserted in the Amended Complaint did not exist at the time of the judgment and that it does not arise from the same transaction or occurrence that was the subject matter of the State Action.  Plaintiff also alleges, in the alternative, that, should res judicata apply, he should be relieved of its effects due to extraordinary circumstances.  The Court will address each of these arguments in turn.

Plaintiff first avers that the cause of action asserted in the amended complaint did not exist at the time of the judgment in the State Action.  Put simply, he argues that "it did not become a fully ripe claim until the state court case was completely resolved" because it was not until that time that "it became clear and final that Indiana was never going to pay the default judgment that was rightfully awarded to the Moshers."  This argument misses the mark.  Plaintiff relies upon policy language giving a judgment creditor the right to proceed directly against Indiana to recover a final judgment in their favor.  Even assuming, without deciding, that this is a cognizable claim, it is facially apparent that Plaintiff could have made this claim at the time judgment was rendered in the State Action.  Prior to adding Indiana as a Defendant in that action, Plaintiff alleges that they obtained a final default judgment in his favor against Global Link, the insured on Defendant's policy.  Should Plaintiff have wished to rely on this contract provision in seeking to compel Defendant to pay this judgment, it could have done so in the State Action.  Contrary to Plaintiff's assertions, it was apparent long before the Louisiana Court of Appeal rendered judgment that Defendant had no intention

6

of voluntarily paying the default judgment.  Therefore, the present cause of action based on the language of the insurance contract could have been brought with the State Action.  The fourth element of res judicata is therefore satisfied.

Plaintiff next asserts that this cause of action in contract does not arise from the same transaction or occurrence as the causes of action disposed of in the State Action.  "Whether a cause of action arises out of the same transaction or occurrence is determined by an examination of the facts underlying the event in dispute."[14]  Both the current cause of action and that litigated in the State Action arise from the same underlying facts: the accident between Global Link and Plaintiff, the granting of the default judgment, and the applicability of the Indiana insurance policy.  Indeed, Indiana was named in the Plaintiff's Supplemental and Amending petition and for Declaratory Judgment.  Whether the cause of action arises under the direct action statute or contract law is of no moment, as the operative facts are the same.  Defendant's attempt to re-characterize this action cannot preclude this court's finding of res judicata. Accordingly, the fifth element of res judicata is satisfied.

Finally, Plaintiffs argue that, should res judicata apply, they should be relieved from its effects due to the exceptional circumstances of this case. Louisiana law allows relief from res judicata where "exceptional circumstances justify relief from the res judicata effect of the judgment."[15]  "The exceptional circumstances exception generally applies to complex procedural situations in

---

[14] *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility*, 872 So. 2d 1147, 1152 (La. App. 1 Cir. 2004); *Leon v. Moore*, 731 So. 2d 502 (La. App. 1 Cir. 1999).

[15] La. Rev. Stat. § 13:4232.

7

which litigants are deprived of the opportunity to present their claims due to unanticipated quirks in the system, to factual situations that could not be anticipated by the parties, or to decisions that are totally beyond the control of the parties."[16]   Plaintiff has presented no evidence of any such exceptional circumstances in this case.   Certainly Plaintiff could have sued in state court based on the current cause of action but chose not to do so.   Accordingly, the Court declines to apply the exceptional circumstances exception to res judicata principles.

Having found res judicata principles preclude the current action, Defendant's Motion for Summary Judgement is granted and Plaintiff's Motion is denied.

In an abundance of caution, this Court specifically notes that regardless of its finding of res judicata the result would be the same.   Plaintiff seeks to have Defendant pay a default judgment to which it is not a party.   Despite notice provisions in the policy, Defendant was never afforded an opportunity to litigate the issue of its insured's liability on the merits, as it was not added to the suit until after the default judgment was rendered.   Louisiana courts have held that, in such circumstances, an insurer is prejudiced and therefore under no obligation to pay a default judgment rendered solely against an

---

[16] *Davis v. J.R. Logging, Inc.*, 136 So. 3d 828, 832 (La. Ct. App. 1 Cir. 2013), *writ denied*, 141 So. 3d 812 (La. 2014).

insured.[17]  Accordingly, even if res judicata were inapplicable, Plaintiff would still be unable to recover from Defendant the amount of a default judgment rendered against the insured in Defendant's absence.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED.  The case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 22nd day of January, 2016.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Hallman v. Marquett Cas. Co.*, 149 So.2d 131 (La. App. 2 Cir. 1963).  *See also Elrod v. P.J. St. Pierre Marine, Inc.*, 663 So. 2d 859 (La. App. 5 Cir. 1995).